IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-02-0213-MCE-CMK |
| Respondent, | CIV S-07-2724-MCE-CMK |
| vs. | ORDER |
| MIGUEL HERNANDEZ-MUNGUIA, | |
| Movant. | |
| _____/ | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is respondent's motion to dismiss (Doc. 333 in the criminal docket) movant's motion as untimely.

Movant, and six co-defendants, were charged in a seven-count indictment returned by the grand jury on May 23, 2002. On May 23, 2003, movant was found guilty on all counts after a jury trial.[1] Movant was sentenced on August 12, 2003, to 180 months in federal prison. Movant appealed his conviction and sentence. On July 7, 2005, the Ninth Circuit Court of Appeals affirmed in an unpublished opinion. See United States v. Barrera-Medina, 139 Fed.

---

[1] Count Seven – the forfeiture count – was later dismissed.

1

1  Appx. 786 (9th Cir. 2005), cert. denied 546 U.S. 1201 (Feb. 21, 2006).[2]

2  Respondent argues that the pending § 2255 motion should be dismissed as having been filed beyond the one-year statute of limitations.  Motions under 28 U.S.C. § 2255 must be filed within one year from the later of:  (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2255.  Typically, the statute of limitations will begin to run on the date the judgment of conviction became final.  See 28 U.S.C. § 2255(1); see also United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001).  Guided by the Supreme Court's definition of finality set forth in Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987), the Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners.[3]  Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [the movant] could have sought review by direct appeal."  Schwartz, 274 F.3d at 1223.

Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal judgment must be filed within ten days after entry of judgment.  Therefore, where no direct appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment of conviction.  See id.  If a direct appeal is filed, the conviction becomes final when the time for a petition for certiorari has elapsed or certiorari has been denied.  See United States v.

---

[2] The Ninth Circuit remanded the case pursuant to United States v. Ameline, 376 F.3d 967 (9th Cir. 2004), amended and superseded by 409 F.3d 1073 (9th Cir. 2005), for re-sentencing as to certain defendants only.  The remand did not apply to movant's sentence.

[3] The Ninth Circuit has also held that there is no reason to distinguish between the limitations periods imposed on state prisoners under § 2244(d)(1) and federal prisoners under § 2255.  See United States v. Battles, 362 F.3d 1195, 1196 (9th Cir. 2004).

LaFromboise, 427 F.3d 680, 683 (9th Cir. 2005) (citing Griffith, 479 U.S. at 321 n.6). If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run on the effective date. See United States v. Monreal, 301 F.3d 1127, 1131 (9th Cir. 2002) (concluding that Monreals's motion was due by April 23, 1997 – one year after April 24, 1996); see United States v. Skurdal, 341 F.3d 921, 924 n.2 (9th Cir. 2003) (concluding that Skurdal's § 2255 motion was due by April 23, 1997, because his conviction became final before the effective date); but c.f. Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999) (concluding, in the context of a habeas corpus petition filed by a state prisoner whose conviction became final before the effective date, that the one-year limitations period began to run the day after the effective date). Finally, the limitations period under § 2255 is subject to equitable tolling where extraordinary circumstances beyond the movant's control made it impossible to file a motion on time. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004) (citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003)).

In this case, movant was convicted on May 23, 2003, he was sentenced on August 12, 2003, his direct appeal was denied on July 7, 2005, and the United States Supreme Court denied certiorari on February 21, 2006.[4] Therefore, the statute of limitations began to run on February 21, 2006. See LaFromboise, 427 F.3d at 683. Because the instant § 2255 motion was filed on December 18, 2007 – more than one year after February 21, 2006 – it was filed after expiration of the one-year limitations period.

Petitioner argues that, "despite his late filing his petition should be treated as timely because he merits equitable tolling." As stated above, equitable tolling of the statute of limitations imposed by § 2255 is available in extraordinary circumstances beyond movant's control which made it impossible to file on time. See Battles, 362 F.3d at 1197. Here, movant

---

[4] Movant agrees. In his motion, he states: "Petitioner's federal drug conviction became final, to that one-year limitation period applicable to his motion to vacate sentence began to run, on date when the United States Supreme Court denied his petition for certiorari."

contends that he was prevented from filing a timely motion "due to counsel's irresponsibility to turn over all the legal documents and transcripts that he had in his possession even after several months petitioner has requested to return it to him." Petitioner also states:

> . . . Counsel's level of behavior went well beyond the garden variety, because counsel affirmatively lied to his client. When petitioner called his former counsel in early August of 2007 to request once again for his entire legal file, counsel assured him that he had already sent the documents and that he (petitioner) have two months to file his habeas motion pursuant to § 2255.

The situation movant describes was precisely the situation discussed in Battles and Ford v. Hubbard. Discussing the facts of Ford, the Ninth Circuit stated:

> . . . In Ford, as here, the claim was untimely filed. Id. at 1105. There, as here, the attorney did not deliver "the complete set" of legal papers in a timely fashion. Id. There, as here, at least a portion of the file had been forwarded at an earlier time. Id.

> Battles, 362 F.3d at 1197 (citing Ford, 330 F.3d 1086 (9th Cir. 2003)).

Similar to Battles and Ford, movant asserts that counsel did not provide the "entire file." This suggests that movant did in fact have access to some of his file, but not all of his file. Also like Ford and Battles, movant had made at least two requests for his papers. In August 2007 he requested "once again" that his counsel forward his file. This suggests he made at least one prior request. In Battles, the Ninth Circuit quoted the following from Ford:

> There are no cases in this circuit determining whether an attorney's failure or refusal to provide a habeas client with important parts of his legal file may rise to the level of "extraordinary circumstances" for purposes of equitable tolling. We prefer not to decide that question here, because the factual record is insufficiently developed . . . [T]he district court in Ford's case did not give the petitioner an opportunity to amend his petition or expand his declaration and did not hold an evidentiary hearing. Because equitable tolling issues "are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significant in the first instance," we remand . . . to the district court with instructions to develop an adequate evidentiary record before again determining whether the statute of limitations should be equitably tolled.

> Id. at 1198 (quoting Ford, 330 F.3d at 1107).

4

The Ninth Circuit also remanded Battles' case for the same reason. See id.

The court is mindful of Joe v. Mitchell, in which Judge Beck concluded that equitable tolling did not apply in a similar circumstance. See 2007 WL 1430101 (E.D. Cal. May 15, 2007). Judge Beck distinguished Battles and Ford because the petitioner "provides no factual support that he requested the client file. . . ." See id. at *5. He also concluded that the record demonstrated that petitioner "made no effort to obtain the client file . . . well after the statute of limitations expired." However, in the instant case, movant states that he did in fact request his file on at least two occasions. Further, it is not clear on the existing record whether movant's first request for his client file was made before or after the statute of limitations expired in February 2007. Therefore, this case cannot be distinguished from Ford and Battles in the same way Joe v. Mitchell was distinguished.[5]

In light of the Ninth Circuit's holdings, this court must develop a record concerning movant's efforts to obtain his client file from counsel and "whether the alleged attorney behavior and . . . fight to get [his client file] actually delayed him to the point that he could not file in a timely fashion." See Battles, 362 F.3d at 1198 n.5. Specifically, the court must be able to determine "just what counsel did or did not do" and whether such conduct actually caused the late filing. See id. Therefore, movant shall file a response to respondent's motion which provides more than movant's unsubstantiated statements. For example, movant may attach copies of any letters he sent to counsel regarding efforts to obtain his client file and counsel's responses. Or, movant may indicate what evidence would be uncovered if the court were to allow limited fact development on this issue. See id. (suggesting that, in some cases, an evidentiary hearing may be warranted). Movant should also tell the court when he actually received his files. Movant is cautioned that failure to file the response making the showing described in this order may result in a finding that equitable tolling should not apply in this case.

---

[5] While respondent specifically addresses equitable tolling in its motion to dismiss, arguing that it should not apply, respondent does not mention any of these cases.

1  Accordingly, IT IS HEREBY ORDERED that movant shall file a response to
2  respondent's motion, specifically addressing the issue of equitable tolling, within 30 days of the
3  date of this order.

 DATED: January 11, 2008

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE