IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR S-02-0213-MCE-CMK |
| Respondent, | CIV S-07-2724-MCE-CMK |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MIGUEL HERNANDEZ-MUNGUIA, | |
| Movant. | |
| _____/ | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is movant's motion (Doc. 330 in the criminal docket), respondent's opposition (Doc. 356 in the criminal docket), and movant's traverse (Doc. 358 in the criminal docket).

**I.  BACKGROUND**

Following a jury trial, movant was convicted on four counts outlined in a six-count indictment: Count 1 – conspiracy to manufacture methamphetamine; Count 2 – conspiracy to possesses a listed chemical with knowledge that it would be used to manufacture methamphetamine; Count 3 – possession of a listed chemical with knowledge that it would be

1

used to manufacture methamphetamine; and Count 5 – using, carrying, and possessing a firearm during a drug trafficking offense.  Movant's crime in Count 1 involved sufficient amounts of drugs to trigger a 10-year statutory mandatory minimum sentence.  Movant was sentenced to the mandatory minimum of 120 months in prison on Count 1, concurrent sentences on Counts 2 and 3, and a mandatory consecutive sentence of 60 months on Count 5.  Movant's conviction and sentence were affirmed on direct appeal, see United States v. Hernandez-Munguia, 139 Fed. Appx. 786 (9th Cir. 2005), and the United Supreme Court denied certiorari.  The underlying facts of movant's crimes are well-known to the parties and the District Judge and, in any event, are not relevant to movant's instant collateral challenge which raises claims of ineffective assistance of counsel.

## II.  DISCUSSION

In his § 2255 motion, movant claims that counsel was ineffective for failing to argue that Counts 1 and 2 were multiplicitous because the offenses arose out of the same series of events.  He also argues that counsel was ineffective for failing to advise him adequately "about the benefits and consequences of going to trial versus pleading guilty without a plea agreement."  In response, respondent argues that, even if movant could show that counsel rendered deficient performance, he cannot show prejudice as to either claim.

The Sixth Amendment guarantees the effective assistance of counsel.  The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984).  First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness.  See id. at 688.  To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment.  See id. at 690.  The federal court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance.  See id.  In making this

1  determination, however, there is a strong presumption "that counsel's conduct was within the
2  wide range of reasonable assistance, and that he exercised acceptable professional judgment in all
3  significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing
4  Strickland, 466 U.S. at 689).

5  Second, a petitioner must affirmatively prove prejudice. See Strickland, 466 U.S.
6  at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's
7  unprofessional errors, the result of the proceeding would have been different." Id. at 694. A
8  reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.;
9  see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not
10 determine whether counsel's performance was deficient before examining the prejudice suffered
11 by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an
12 ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be
13 followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at
14 697).

### A.  **Mutiplicity of Claims**

In addition to arguing that counsel's performance was not deficient, respondent argues that, even if it was, movant cannot show prejudice. According to respondent, had movant prevailed on his claim that Counts 1 and 2 were duplicitous, either the government would have been forced to drop one of the counts or the court would have been required to sentence on only one of the counts. According to respondent:

> . . .Had the government been forced to elect to proceed with Count One but not Count Two, or had the district court decided . . . it should sentence only on Count One, Munguia would still have been sentenced to the statutory mandatory minimum 120 months on Count One, a concurrent sentence on Count Three, and the statutory mandatory consecutive 60 months on Count Five, for the same total 180 months that he now faces. (foot note omitted).

In his traverse, movant concedes that failure to object that Counts 1 and 2 were duplicitous "did not increase the length of his sentence. . . ." He argues that, nonetheless, he was prejudiced

because Count 1 carried a potential maximum of life whereas Count 2 only carried a 20-year maximum, and that "[t]he additional conviction could increase future sentences or be used to impeach the petitioner's credibility if he testifies at a future proceeding."

Movant's first argument is unpersuasive given that, regardless of the potential maximum sentences associated with Count 1 and Count 2, the fact remains that movant was sentenced to a fixed term of 120 months. He was not prejudiced by the difference in potential maximums because the maximum sentence was not imposed under either count. As to his argument that the additional conviction could result in an increase to any future sentence which might be imposed based on new crimes, or affect his credibility, movant cites United States v. Jones, 403 F.3d 604 (8th Cir. 2005). In that case, the Eighth Circuit cited Ball v. United States, 470 U.S. 856, 864-65 (1985), and observed that "[t]he additional conviction could increase future sentences or be used to impeach the defendant's credibility if he testifies at a future proceeding." Jones, 403 F.3d at 607. Based on this prejudice, as well as the court's conclusion that counsel's performance was deficient, the Eighth Circuit remanded with instruction to vacate one of Jones' convictions. See id.

The Eighth Circuit's decision in Jones is not binding on this court and is not persuasive. While the issue in Jones was whether Jones had received ineffective assistance of counsel, the court in that case concluded that counsel's performance was deficient and on this basis alone would have remanded to vacate one of the convictions. Therefore, the court's discussion of prejudice was not necessary to the holding and is dictum. As to the citation to the Supreme Court's decision in Ball, the Court's discussion was not in the context of a claim of ineffective assistance of counsel but was in the context of the impermissible effect of multiplicitous convictions. Specifically, the Court stated:

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the

>  defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility. . . .

Ball, 470 U.S. at 864-65 (italics in original).

The Supreme Court did not conclude that the multiplicitous sentence resulted in prejudice in the Strickland context.

> Under Strickland, prejudice is found where there is a reasonable probability that the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. Thus, the prejudice analysis looks to the result of the criminal trial and not possible future collateral consequences of deficient performance by counsel. For this additional reason, the Eighth Circuit's decision in Jones – which in dictum stated that prejudice could result from collateral consequences – is unpersuasive in the context of a claim of ineffective assistance of counsel.

> In any event, even if the collateral consequences of a multiplicitous conviction could result in prejudice under Strickland, the court agrees with respondent that Counts 1 and 2 were not multiplicitous. Both counts involved conspiracies – a conspiracy to manufacture in Count 1 and a conspiracy to possess in Count 2. As respondent notes, for two conspiracy counts to be duplicitous, the defendant must show that the two counts are actually based on the same conspiracy. See United States v. Montgomery, 150 F.3d 983, 990 (9th Cir. 1998). In this case, the agreement among the defendants which formed the basis for Count 1 was an agreement to manufacture methamphetamine. Count 2 involved an agreement to possess precursor chemicals. Therefore, the agreements were different. See id.; see also United States v. Guzman, 852 F.2d 1117, 1121 (9th Cir. 1988) (concluding that counts not duplicitous where goal of one agreement was to possess and distribute cocaine and goal of other agreement was to manufacture and distribute cocaine). In addition, both counts also involved different criminal provisions – 21 U.S.C. § 841(a)(1) for Count 1 and 21 U.S.C. § 841(c)(2) for Count 2. Finally, on direct appeal the Ninth Circuit concluded that the evidence was sufficient to support two separate conspiracy convictions. See Hernandez-Munguia, 139 Fed. Appx. 786.

Because Counts 1 and 2 were not multiplicitous, and also because movant was not prejudiced even if they were, movant cannot prevail on this claim of ineffective assistance of counsel.

**B.     Plea Advice**

Movant argues that his trial counsel was ineffective for not explaining the "benefits and consequences" of entering a guilty plea without an agreement (i.e., an "open" or "straight up" plea) as opposed to proceeding to trial. Specifically, movant asserts:

> . . .The record does not show that counsel ever made specific calculations of petitioner's likely Guidelines sentence under any of the possible scenarios, and that he did not make such calculations, he did not convey those calculations to petitioner so that petitioner could properly evaluate his options. As such, he was prejudiced for said omission.

Respondent argues that movant could not have suffered any prejudice regardless of what kind of communications movant had with his counsel regarding the "possible scenarios." Respondent observes:

> . . .After being convicted on all counts at trial, Munguia received a total sentence of 180 months, which happened to be the lowest total sentence allowable under the statutes of conviction. Had Munguia pled open, he would have received the same sentence, because he faced a mandatory minimum sentence of 120 months on Count One, and a mandatory consecutive sentence of 60 months on Count Five. (footnote omitted).

The court agrees with respondent's analysis and finds that movant could not have suffered any prejudice. For this reason alone, this claim of ineffective assistance of counsel should also be rejected.

///
///
///
///
///
///

6

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that movant's § 2255 motion (Doc. 330 in the criminal docket) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 24, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE